**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TECHNOLOGY & MANAGEMENT
SERVICES, INCORPORATED,
<u>Plaintiff-Appellant,</u>

v.

No. 96-1386

ENVIRONMENTAL PROTECTION AGENCY;
PRC ENVIRONMENTAL MANAGEMENT,
INCORPORATED,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-95-1047-AW)

Argued: October 30, 1996

Decided: February 18, 1997

Before RUSSELL and WIDENER, Circuit Judges, and
BULLOCK, Chief United States District Judge for the
Middle District of North Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Richard Murray, MURRAY & JACOBS, Alexandria,
Virginia, for Appellant. Charles Joseph Peters, Sr., Assistant United
States Attorney, Baltimore, Maryland, for Appellee EPA; Thomas

Christopher Papson, MCKENNA & CUNEO, L.L.P., Washington, D.C., for Appellee PRC. **ON BRIEF:** Raighne Delaney, MURRAY & JACOBS, Alexandria, Virginia, for Appellant. Lynne A. Battaglia, United States Attorney, Baltimore, Maryland, for Appellee EPA.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This appeal arises out of an agency contract award decision. The Environmental Protection Agency (the "EPA") solicited a contract for administrative and technical support services for its Office of Solid Waste and Emergency Response ("OSWER"). The EPA awarded the contract to PRC Environmental Management, Inc. ("PRC"). Alleging the EPA violated the procurement laws, 41 U.S.C.§ 253b and the terms of its own solicitation, Technology & Management Services, Inc. ("TMS")--an unsuccessful bidder for the contract--brought suit in district court against the EPA and PRC seeking to void the contract awarded to PRC. The district court granted the EPA (and PRC as intervenor) summary judgment because a rational basis existed for the EPA's decision to award PRC the contract. TMS appeals the district court's decision and order. Finding no error in the judgment of the court below, we affirm.

In February 1994, the EPA solicited contract bids for administrative and technical support services bids for its OSWER office. The contract bid invited persons to provide administrative and technical support services, and to design, develop and deliver technical and program training and other transfer activities involved in the national and international dissemination of technical and technology-based information. The bid invitation indicated the Government would evaluate 1) the technical quality, 2) other factors and 3) the overall cost of each offer. It emphasized, however, that technical quality was paramount to cost or price.

2

By July, the EPA selected three firms, including TMS, to submit Best and Final Offers ("BAFOs") and respond to interrogatories regarding potential weaknesses in their original proposals. TMS submitted its BAFO and responses to the interrogatories accordingly. Although TMS submitted the lowest BAFO cost proposal of any of the competing firms ($12,700,985), the EPA assigned it the lowest technical rating. Considering its poor technical rating, the EPA concluded that TMS' costs were unrealistic and its overall proposal reflected a lack of experience in the OSWER program. Furthermore, the Contracting Officer reasoned that TMS' costs were approximately $2.3 million below the independent government cost estimate (ICGE) of $15 million, which was based on historical actual costs incurred on a previous contract for the same type of services. Reasoning that PRC, the incumbent contractor, offered the best value to the EPA based on its proposed cost and technical experience, the EPA awarded PRC the contract in December 1994 for $14,563,288.

After filing a protest with the EPA and being denied reconsideration, TMS filed suit in district court on April 7, 1994. Its complaint alleged inter alia that the EPA violated the procurement laws and the terms of its own solicitation for two reasons. First, TMS maintained the contracting officer's statement during TMS' post-award debriefing that "the cost of TMS' proposal was not considered because the technical aspects of the proposal were paramount[ ]" contradicted the invitation bid. And second, TMS argued that because the EPA failed to conduct a cost realism study as mandated by ¶ 4 of the invitation bid, the EPA violated the terms of its own solicitation. Thus, TMS argues that the EPA erred by not considering TMS' cost proposal when making the award decision.

Following the principle that when reviewing contract awards, courts may set aside the awards only if they are arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, 5 U.S.C. § 706(2)(A), the district court reviewed the reasonableness of the EPA granting PRC the contract. Noting that decisions on cost realism fall squarely within the contracting officer's expertise, the district court found that the EPA had not capriciously awarded the contract to PRC and that the EPA's decision was reasonable. The district court found that the contracting officer did consider TMS' cost but deemed it unrealistic due to it being significantly lower than the

3

IGCE. Thus, the district court granted summary judgment to the EPA because no issues of material fact existed as to the propriety of the EPA's decision making process in granting the award.

After carefully reviewing the record, reading the briefs, hearing oral argument, and giving full consideration to the parties' contentions, we affirm the judgment below of the district court.

<u>AFFIRMED</u>

4